BARKETT, Circuit Judge,
concurring:
I concur in the majority opinion and find exceedingly useful its parsing of the meth *1284 odology for admitting expert testimony that is based on experience. As the dissent accurately notes, the requirements of qualification and reliability are “often blurred in the case of experience-based expert testimony.” Birch Dissent at 1296-97. That is precisely what the majority now clarifies and will not permit. The reliability prong is not to be “subsumed” by the qualification prong — “the reliability criterion remains a discrete, independent, and important requirement for admissibility.” Majority Op. at 1261.
While experience may be sufficient to qualify a person as an expert, the ipse dixit of an expert in a given field is simply not enough to establish the reliability of a particular opinion. Id. The majority makes clear that where a witness relies
solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts. The trial court’s gatekeeping function requires more than simply “taking the expert’s word for it.”
Id. (quoting Fed.R.Evid. 702 advisory committee’s note (2000 amends.)).[1]
I agree that the district court properly excluded Tressel’s testimony because he failed to establish how his experience led to the specific conclusion that “it would be expected that some transfer of either hairs or seminal fluid would occur.” R5 at 24, Ex. 2 at 2. Indeed, the only support Tres-sel offered to validate his claim was that in one rape case he worked on he “identified head hair and pubic hair” of a serial rapist on four victims. R5 at B7-38.[2] Had the government’s expert witnesses similarly failed to establish how their experience led to their conclusions, the court would have been compelled to exclude their testimony as well.[3] However, as the majority points out, the government witnesses provided specific and detailed quantitative bases for their opinions. Thus, the district court acted within its discretion.

. As the dissent notes, past cases have not always explicitly required more than mere experience in order to establish the reliability of a specific opinion in cases involving physicians, valuation experts, handwriting analysts, police officers, and so forth. Yet, as the majority makes clear, courts must always take care to establish (1) how the expert’s specific experience leads to the conclusion reached; (2) why the expert's experience is a sufficient basis for the opinion; and (3) how the expert’s experience is reliably applied to the facts. Majority Op. at 1260-61.

. Tressel also asserted that this conclusion was derived from his knowledge of scientific literature but admitted that he "doesn’t think anybody has ever studied the rates of transfer.” R5 at 37.

.Obviously, a trial court would abuse its discretion in admitting the testimony of only one side's expert, where the experts on both sides proffer testimony that is equally reliable. United States v. Gaskell, 985 F.2d 1056, 1063 (11th Cir.1993) (per curiam) ("It is an abuse of discretion to exclude the otherwise admissible opinion of a party's expert on a critical issue, while allowing the opinion of his adversary’s expert on the same issue.”) (internal punctuation omitted).